UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Wayne Kirk,<br><br>Plaintiff,<br><br>v.<br><br>The Joint Corp.<br><br>Defendant. | No. 2:26-cv-918<br><br>COMPLAINT—CLASS ACTION<br><br>JURY DEMAND |

## INTRODUCTION

1. Plaintiff Wayne Kirk brings this lawsuit against The Joint Corp. ("The Joint") for violations of the Commercial Electronic Mail Act ("CEMA"), RCW 19.190.060.

2. CEMA prohibits companies from sending commercial text messages to Washington residents without consent.

3. Kirk is a Washington resident. He received a commercial text message from The Joint in November of 2024. He never gave permission for The Joint to send this message.



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

4. The Joint's unsolicited spam was intrusive and annoying to Kirk.

5. As the Ninth Circuit has noted, "Being deluged with 'spam' . . . text messages is the bane of modern life." *Borden v. eFinancial, LLC*, 53 F.4th 1230, 1231 (9th Cir. 2022).

6. To hold The Joint accountable for its illegal practices, Kirk brings this action individually and on behalf of a putative class of Washington residents similarly situated.

**JURISDICTION AND VENUE**

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because this is a class action, the aggregate amount in controversy exceeds $5,000,000, Kirk and putative class members are citizens of Washington, and The Joint is a citizen of Arizona.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this District and Kirk resides in this District.

9. This Court has personal jurisdiction over The Joint. The Joint does business in Washington. It advertises and sells its products and services in Washington, and it has at least 20 physical storefronts in Washington. The Joint serves a market in Washington. Due to The Joint's actions, its commercial text messages have been sent, without consent, to telephone numbers assigned to Washington residents and have harmed Washington residents. Kirk's claims arise out of The Joint's contacts with this forum. Due to The Joint's actions, Kirk received unwanted commercial text messages in Washington and was harmed while in Washington. The Joint knows that the people it sends messages to are Washington residents because their phone numbers have Washington area codes. The Joint knew that



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

the messages to Kirk, and thousands of other Washington residents like him, was to a phone number with a Washington area code. Thus, The Joint knew that its messages were being sent to Washington residents.

## PARTIES

10. Plaintiff Wayne Kirk is a natural person residing in Seattle, Washington.

11. Defendant The Joint Corp. is a Delaware corporation with its principal place of business in Scottsdale, Arizona.

## FACTUAL ALLEGATIONS

12. Kirk is the sole user of the cell phone number 253-778-1264.

13. This is Kirk's only phone number.

14. Kirk first began using 253-778-1264 in September 2024, when his phone carrier assigned this number to him.

15. The Joint is among the largest—if not the largest—operator and franchisor of chiropractic clinics in the United States, with 962 locations and over $500 million in annual system-wide sales.[1]

16. On November 19, 2024 at 6:19 PM UTC, The Joint sent the following text message to Kirk: "It's Back Friday at The Joint Chiropractic. Buy 10 Visits, Get 2 FREE. Sleigh the season & your pain. Details at https://thejoint.co/friday Reply STOP to quit"

17. Upon information and belief, the short code that sent the message, 56468, was registered to The Joint Corp. on March 16, 2020.[2]

---

[1] *See* The Joint Corp. 2025 Q3 Investor Presentation, at 7, 13, https://d1io3yog0oux5.cloudfront.net/_c1581d69a74f34201f6223e3ce751630/thejoint/db/357/3125/pdf/25-11-06+JYNT+Q3+2025+Final+Investor+Deck.pdf.

[2] *See* https://www.textingworld.com/short-code/usa/56468.html



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

18. Further, the hyperlink in the text message redirects to a landing page maintained by The Joint.[3]

19. Therefore, The Joint Corp. sent the text message at issue.

20. Kirk did not consent to receive any commercial text messages from The Joint and has never done business with The Joint. In fact, Kirk texted STOP to The Joint on November 20, 2024.

21. Kirk's phone number starts with the area code "253," which is a Washington area code. Therefore, by sending the message to a phone number with a Washington area code, The Joint purposefully intended to direct its text message to Washington.

22. The purpose of The Joint's text message is to encourage individuals to go to one of its locations and pay for chiropractic services. Therefore, the message at issue is a commercial text message under CEMA.

23. The Joint's text messages are a nuisance and annoyance to Kirk and the Class members. The messages have invaded their privacy, diminished the value of their phones, and negatively impacted their enjoyment of life.

## LEGAL STANDARD

24. **Washington Commercial Text Messages.** "No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a Washington resident" unless the recipient has "clearly and affirmatively consented in advance." RCW 19.190.060(1), .070(1)(b).

---

[3] *See* https://www.thejoint.com/BackFriday?utm_source=CRM&utm_medium=SMS&utm_campaign=promo_backfriday_2024



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

25. **Washington Consumer Protection Act.** To establish a violation of Washington's CPA, five elements must be met: (1) an unfair or deceptive act or practice (2) in trade or commerce (3) that affects the public interest, and (4) caused (5) injury to plaintiff's business or property. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

## CLASS ACTION ALLEGATIONS

26. Pursuant to Federal Rule of Civil Procedure 23, Kirk brings this action on behalf of all other persons similarly situated throughout the United States.

27. Kirk seeks to represent the following Class:

> All Washington residents (1) who are not customers of The Joint, (2) whom The Joint texted, (3) within the last four years prior to the filing of this action through the date of class certification.

**NUMEROSITY**

28. Kirk reasonably estimates there are over 10,000 class members given The Joint's large presence in Washington state—20 locations—and over $500 million in annual system-wide sales. This makes joinder of all class members impracticable. Furthermore, at $500 in statutory damages per violation, this satisfies the statutory threshold of $5,000,000 for diversity jurisdiction.

29. Class members are identifiable through phone records and phone number databases.

**COMMONALITY**

30. There are questions of law and fact common to Kirk and the class, including but not limited to:



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

i. Whether The Joint sent the text messages at issue.

ii. Whether the text messages constitute commercial text messages.

iii. Whether The Joint had consent to send the text messages.

iv. Whether a violation of RCW 19.190.060 establishes all the elements of a claim under Washington's Consumer Protection Act, RCW 19.86 *et seq*.

**<u>TYPICALITY</u>**

31. Kirk's claims are typical of the claims of the class members. His claims, like the class members' claims, arise out of the same common course of conduct by The Joint and are based on the same legal and remedial theories.

**<u>ADEQUATE REPRESENTATION</u>**

32. Kirk is an adequate representative of the class because his interests do not conflict with the interests of the class members, he will fairly and adequately protect the interests of the class members, and he is represented by counsel skilled and experienced in consumer class actions.

**<u>PREDOMINANCE OF COMMON QUESTIONS</u>**

33. Common questions of law and fact predominate over questions affecting only individual class members.

**<u>SUPERIORITY</u>**

34. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

35. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of Washington's Commercial Electronic Mail Act**
**(On Behalf of Kirk and the Class)**

36. Washington's CEMA prohibits any person, as that term is defined in RCW 19.190.010(11), from initiating or assisting the transmission of an unsolicited commercial electronic text message to a Washington resident's cellular telephone.

37. The Joint is a "person" within the meaning of CEMA. RCW 19.190.101(11).

38. The Joint sent one or more commercial text messages to Kirk and the Putative Class members' cellular telephones without their consent or invitation.

39. The Joint's acts and omissions violated RCW 19.190.060(1).

40. Kirk and the Class members are therefore entitled to injunctive relief in the form of an order enjoining further violations of RCW 19.190.060(1).

**SECOND CAUSE OF ACTION**
***Per Se* Violation of Washington's Consumer Protection Act**
**(On Behalf of Kirk and the Class)**

41. Kirk and Class members are "persons" within the meaning of the CPA. RCW 19.86.010(1).

42. The Joint violated the CEMA by sending unsolicited commercial electronic text messages to Kirk and Class members' cellular telephone or similar devices.



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

43. A violation of the CEMA establishes all five elements of Washington's Consumer Protection Act as a matter of law. RCW 19.190.100; RCW 19.190.060(2); *Wright v. Lyft*, 406 P.3d 1149, 1155 (Wash. 2017).

44. The Joint's violations of the CEMA are unfair or deceptive acts or practices that occur in trade or commerce under the CPA. RCW 19.190.100; RCW 19.190.060(2).

45. The Joint's unfair or deceptive acts or practices vitally affect the public interest and thus impact the public interest for purposes of applying the CPA. RCW 19.190.100; RCW 19.190.060(2).

46. Pursuant to RCW 19.190.040(1), damages to each recipient of a commercial electronic text message sent in violation of the CEMA are the greater of $500 for each such message or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *Lyft*, 406 P.3d at 1155.

47. The Joint engaged in a pattern and practice of violating the CEMA. As a result of The Joint's acts and omissions, Kirk and Class members have sustained damages, including $500 in statutory damages, for each and every text message that violates the CEMA. The full amount of damages will be proven at trial. Kirk and Class members are entitled to recover actual damages and treble damages, together with reasonable attorneys' fees and costs, pursuant to RCW 19.86.090.

## RELIEF REQUESTED

Kirk respectfully requests the Court grant the following relief:

A. Certification of the proposed Class;

B. Appointment of Kirk as class representative;

C. Appointment of the undersigned as lead counsel for the Class;



The HQ Firm, P.C.
450 Alaskan Way S Ste 200 #1823
Seattle, Washington 98104
385-440-4100

D. An award of damages to Kirk and class members, as allowed by law;

E. An award of fees, costs, and interest, as allowed by law;

F. Injunctive relief, as allowed by law; and

G. Orders granting such other relief as this Court deems necessary, just, and proper.

**JURY DEMAND**

Kirk requests a jury trial as to all claims of the Complaint so triable.

DATED March 18, 2026

Respectfully submitted,

*<u>/s/ Thomas Alvord</u>*

Thomas Alvord, WSBA #61943
Reid Hudson, *Pro Hac Vice* forthcoming
The HQ Firm, P.C.
450 Alaskan Way S Suite 200 # 1823
Seattle, WA 98104
Telephone: (385) 440-4127
Email: thomas@thehqfirm.com

*Attorneys for Plaintiff*